UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON TIETZ #827870,

     Plaintiff,

                                No. 2:20-cv-10814

v

                             HON. PAUL D. BORMAN

CORIZON HEALTH, INC, et al,

     Defendants.

_____/

| Keith L. Altman (P81702) | Michael R. Dean (P71333) |
|---|---|
| The Law Office of Keith Altman | Zachary A. Zurek (P80116) |
| *Attorney for Plaintiff* | Assistant Attorney General |
| 33228 West 12 Mile Road, Ste 375 | Attorney for MDOC Defendants |
| Farmington Hills, MI 48334 | MDOC Division |
| (516) 456-5885 | P.O. Box 30217 |
| kaltman@lawampmmt.com | Lansing, MI 48909 |
| | (517) 335-3055 |

Ronald W. Chapman Sr. (P37603)
Devlin K. Sarber (P64532)
Chapman Law Group
Attorney for Defendants Corizon
Health, Inc., and Kim Farris P.A.
1441 W. Long Lake Road, Ste 310
Troy, MI 48098
(248)644-6326

**MDOC DEFENDANTS' 12(B)(6) MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

The MDOC Defendants, through counsel, file this motion

pursuant to Federal Rule of Civil Procedure 12(b)(6) and seek to dismiss

the claims raised in Plaintiffs' Amended Complaint (ECF No. 12).

Pursuant to E.D. Mich. Local Rule 7.1, there was a conference between the attorneys in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

For the reasons stated in the accompanying brief:

1.    Plaintiff states that he suffered violations of his constitutional rights under the First and Eighth Amendments due to the actions of the MDOC Defendants.

2.    Defendants are entitled to dismissal because joinder of the claims and Defendants is improper, there is no constitutional right to an effective grievance procedure, and the conspiracy claims do not state a claim upon which relief can be granted.

## CONCLUSION AND RELIEF REQUESTED

The MDOC Defendants respectfully request this Honorable Court to grant their motion for summary judgment and qualified immunity.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Michael R. Dean*
Assistant Attorney General

Attorneys for MDOC Defendants
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Deanm2@michigan.gov
(P71333)

Dated:  February 12, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON TIETZ #827870,

     Plaintiff,

                              No. 2:20-cv-10814

v

                              HON. PAUL D. BORMAN

CORIZON HEALTH, INC, et al,

     Defendants.

_____/

| | |
|---|---|
| Keith L. Altman (P81702) | Michael R. Dean (P71333) |
| The Law Office of Keith Altman | Zachary A. Zurek (P80116) |
| *Attorney for Plaintiff* | Assistant Attorney General |
| | Attorney for MDOC Defendants |
| Ronald W. Chapman Sr. (P37603) | |
| Devlin K. Sarber (P64532) | |
| Chapman Law Group | |
| Attorney for Defendants Corizon | |
| Health, Inc., and Kim Farris P.A. | |

**MDOC DEFENDANTS' BRIEF IN SUPPORT OF THEIR 12(B)(6)
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

                              Dana Nessel
                              Attorney General

                              Michael R. Dean (P71333)
                              Assistant Attorney General
                              Attorneys for MDOC Defendants
                              MDOC Division
                              P.O. Box 30217
                              Lansing, MI 48909

Dated: February 21, 2021          Deanm2@michigan.gov

# TABLE OF CONTENTS

Page

Table of Contents.......................................................................................i

Index of Authorities............................................................................. iii

Concise Statement of Issues Presented.....................................vi

Controlling or Most Appropriate Authority ...............................vi

Statement of Facts................................................................................ 1

Argument ................................................................................................. 9

I.      Plaintiff's wide-ranging lawsuit violates Fed. R. Civ. P. joinder rules. ...................................................................................... 9

II.     Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6) against the MDOC Defendants and those claims should be dismissed.......................................................................... 10

        A.      Legal Standard under Fed. R. Civ. P. 12(b)(6) ..................... 10

        B.      Plaintiff has failed to state a claim of Eighth Amendment deliberate indifference against Defendants Adray and Duncan. ............................................................. 12

                1.      Eighth Amendment deliberate indifference standard. ....................................................................... 12

                2.      Plaintiff fails to state a claim against Adray and Duncan regarding his claim that they failed to treat his streptococcal infections................................... 13

        C.      Plaintiff has failed to state a claim against the non-health care MDOC Defendants where he alleges that they failed to process or uphold his grievances. ................... 15

1.   42 U.S.C. § 1983 claims must allege the personal involvement of each named defendant in a civil action. ............................................................ 15

III.   Plaintiff fails to state a claim of conspiracy. ................................. 18

Conclusion and Relief Requested ............................................................ 22

Certificate of Service ............................................................................. 22

# INDEX OF AUTHORITIES

<u>Page</u>

**Cases**

*Aaron v. Johnson,*
  829 F.2d 38 (6th Cir. 1987) ................................................................. 17

*Agema v. City of Allegan,*
  826 F.3d 326 (6th Cir. 2016) .............................................................. 11

*Amadasu v. The Christ Hosp.,*
  514 F.3d 504, 507 (6th Cir. 2008) ...................................................... 21

*Amadasu v. The Christ Hospital,*
  514 F.3d 504 (6th Cir. 2008) .............................................................. vii

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ...................................................................... 11, 16

*Bazzi v. City of Dearborn,*
  658 F.3d 598, 602 (6th Cir. 2011) ...................................................... 20

*Bell Atlantic Corp. v Twombly,*
  540 U.S. 544 (2007) ............................................................... vii, 11, 20

*Blackmore v. Kalamazoo County.,*
  390 F.3d 890, 895 (6th Cir. 2004.) ..................................................... 13

*Casias v. Wal-Mart Stores, Inc.,*
  695 F.3d 428 (6th Cir. 2012) .............................................................. 11

*Easterling v. Crawford,* 2014 U.S. Dist. LEXIS 13743 (S.D. Ohio) ....... 21

*Estate of Smithers ex rel. Norris v. City of Flint,*
  602 F.3d 758 (6th Cir. 2010) .............................................................. vii

*Estate of Smithers ex rel. Norris v. City of Flint,* 602 F.3d 758, 765
  n.6 (6th Cir. 2010) ............................................................................. 21

*Estelle v. Gamble,*
    429 U.S. 97, 104 (1976) ...................................................................... 13

*Farmer v. Brennen,*
    511 U.S. 825 (1994) .......................................................................... 13

*Fieger v. Cox,*
    524 F.3d 770, 776 (6th Cir. 2008) ...................................................... 20

*George v. Smith,*
    507 F.3d 605 (7th Cir. 2007) ..................................................... vi, 9, 10

*Gregg v. Georgia,*
    428 U.S. 153, 173 (1976) ................................................................... 13

*Gutierrez v Lynch,*
    826 F.2d 1534 (6th Cir. 1987) ........................................................... vii

*Hensley v. Gassman,*
    693 F.3d 681, 695 (6th Cir. 2012) ...................................................... 19

*Hooks v Hooks,*
    771 F.2d 935 (6th Cir. 1985) ............................................................. vii

*Hooks v. Hooks,*
    771 F.2d 935, 943-44 (6th Cir. 1985) ................................................. 19

*Poe v. Haydon,*
    853 F.2d 418, 429 (6th Cir. 1988), cert. denied, 488 U.S. 1007
    (1989)............................................................................................. 16

*Prince v. Elum,*
    2013 U.S. Dist. LEXIS 104405 (E.D. Mich.) ..................................... vi, 9

*Roland v. Johnson,*
    856 F.2d 764 (6th Cir. 1988. ............................................................. 12

*Salehpour v. University of Tenn.,*
    159 F.3d 199, 206 (6th Cir. 1998), cert denied, 119 S. Ct. 1763
    (1999)............................................................................................. 17

*Shehee v. Lutrell,*
 199 F.3d 295, 300 (6th Cir. 1999) .................................................. 15, 17

*Thomas v Davey,*
 2017 U.S. Dist. LEXIS 96719 (E.D. Cal.) .............................................. vi

*Wesley v. Campbell,*
 779 F.3d 421 (6th Cir. 2015.) ............................................................. 11

*Whitley v. Albers,*
 475 U.S. 312 (1986) ....................................................................... 12

*Williams v. McLemore,*
 247 F. App'x 1, 11 (6th Cir. 2007) ....................................................... 17

## Statutes

42 U.S.C. § 1983 ............................................................ ii, 15, 19

## Rules

Fed. R. Civ. P. 12(b)(6) .................................................. i, vi, 10

Fed. R. Civ. P. 18 ............................................................ 9

Fed. R. Civ. P. 8(a)(2) ..................................................... 10

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Does plaintiff's Second Amended Complaint violate the rules governing joinder because it contains unrelated claims against different defendants?

2.  Under Fed. R. Civ. P. 12(b)(6), the court may dismiss a complaint for failure to state a claim upon which relief may be granted.  Plaintiff makes vague allegations that Defendants failed to address his grievances and complaints. Should this Court dismiss the Amended Complaint when there is no constitutional right to a grievance procedure?

3.  Is plaintiff's claim for civil conspiracy subject to summary dismissal because it is not pled with sufficient detail and because the intra-corporate conspiracy doctrine bars this claim in this context?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

1.  The controlling or most persuasive legal authority on the issue of whether a Complaint violates the joinder rules is *Prince v. Elum*, 2013 U.S. Dist. LEXIS 104405 (E.D. Mich.); *Thomas v Davey*, 2017 U.S. Dist. LEXIS 96719 (E.D. Cal.); *George v. Smith*, 507      F.3d 605 (7th Cir. 2007).

2.  The controlling or most persuasive legal authority on the issue of pleading an Eighth Amendment deliberate indifference claim consists of two components:  an objective component and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001).

4.  The controlling or most persuasive legal authority on the issue of pleading First Amendment retaliation is found in *Thaddeus-X v. Blatter*, 175 F.3d 378, 399 (6th Cir. 1999), where the Sixth Circuit held that in order to set forth a First Amendment retaliation claim, a plaintiff must establish three elements:  (1) the plaintiff

engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. . . . Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant.

5.    The controlling or most persuasive legal authority on the issue of pleading conspiracy claims with particularity is *Bell Atlantic Corp. v Twombly*, 540 U.S. 544 (2007); *Gutierrez v Lynch*, 826 F.2d 1534 (6th Cir. 1987); *Hooks v Hooks*, 771 F.2d 935 (6th Cir. 1985).

6.    The controlling or most persuasive legal authority on the issue of the intra-corporate conspiracy doctrine is *Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758 (6th Cir. 2010) and *Amadasu v. The Christ Hospital*, 514 F.3d 504 (6th Cir. 2008).

## STATEMENT OF FACTS

Plaintiff Cameron Tietz #827870 is a Michigan prisoner currently housed at the Chippewa Correctional Facility in Kincheloe, Michigan. On June 29, 2020, Plaintiff filed his First Amended Complaint. (ECF No. 12, Am. Compl.) The Michigan Attorney General represents state departments and state government employees in suits brought against them in their official and individual capacities, but not for contract employees. In this case, there are 30 Defendant state employees, who are current or former MDOC employees ("MDOC Defendants"). These Defendants worked at Macomb Correctional Facility in Lenox Township, Chippewa Correctional Facility in Kincheloe, and the MDOC Central Office in Lansing, Michigan. Two of the Defendants, Adray and Duncan, are nurses. The rest of the MDOC Defendants are non-health care employees.

### MDOC Health Care Defendants

1. Lisa Adray, Nurse. (*Id*., ¶15, PageID.219.)

2. Nelson Duncan, Nurse. (*Id*., ¶16, PageID.219.)

## Lansing Central Office Defendants

3.   Richard Russell, Manager of the MDOC Grievance section of the Office of Legal Affairs.  (*Id.* at ¶12, PageID.218.)

## Macomb Correctional Facility Defendants

4.   Patrick Warren, Warden of Macomb.  (*Id.*, ¶10, PageID.218.)

5.   Robert LeDuc, Inspector at Macomb.  (*Id.*, ¶18, PageID.219.)

6.   Sgt. Evans, Macomb.  (*Id.*, ¶19, PageID.219-20.)

7.   Eutrilla Taylor, Grievance Coordinator at Macomb.  (*Id.*, ¶20, PageID.220.)

8.   Julie Tolley, CO at Macomb.  (*Id.*, ¶21, PageID.220.)

9.   Alan Greason, CO at Macomb.  (*Id.*, ¶22, PageID.220.)

10.   Kristopher Steece, CO at Macomb.  (*Id.*, ¶23, PageID.220.)

## Chippewa Correctional Facility Defendants

11.   Connie Horton, Warden at Chippewa.  (*Id.*, ¶24, PageID.220-21.)

12. Robert Beulieu, Warden's Assistant at Chippewa.  (*Id.*, ¶25, PageID.221.)

13. S. Thompson, Resident Unit Manager at Chippewa.  (*Id.*, ¶26, PageID.221.)

14. Batho, Resident Unit Manager at Chippewa.  (*Id.*, ¶27, PageID.221.)

15. Sergeant Desroche, Chippewa.  (*Id.*, ¶28, PageID.221-22.)

16. Sergeant Bawkes, Chippewa.  (*Id.*, ¶29, PageID.222.)

17. Sergeant William Sturm.  (*Id.*, ¶30, PageID.222.)

18. Officer Smith, Corrections Officer at Chippewa.  (*Id.*, ¶3, PageID.222.)

19. Cassondra Balbierz, Corrections Officer at Chippewa.  (*Id.*, ¶32, PageID.222.)

20. Sheri Newcomb, Corrections Officer at Chippewa.  (*Id.*, ¶33, PageID.222-23.)

21. Billy Weems, Corrections Officer at Chippewa.  (*Id.*, ¶34, PageID.223.)

22. Kathleen Coullard, Corrections Officer at Chippewa.  (*Id.*, ¶35, PageID.223.)

23. Officer Magayhee, Corrections Officer at Chippewa.  (*Id.*, ¶36, PageID.223.)

24. Virginia Olmstead, Corrections Officer at Chippewa.  (*Id.*, ¶37, PageID.223.)

3

25. Brittany Behm, Corrections Officer at Chippewa.  (*Id.*, ¶38, PageID.223-24.)

26. Officer Benson, Corrections Officer at Chippewa.  (*Id.*, ¶39, PageID.224.)

27. Officer Collins, Corrections Officer at Chippewa.  (*Id.*, ¶40, PageID.224.)

28. Officer Gallagher, Corrections Officer at Chippewa.  (*Id.*, ¶41, PageID.224.)

29. William Myotte, Corrections Officer at Chippewa.  (*Id.*, ¶42, PageID.224.)

30. Officer Weston, Corrections Officer at Chippewa.  (*Id.*, ¶43, PageID.224-25.)

**Counts I and II Eighth Amendment Deliberate Indifference**

Nurses Adray and Duncan are listed in Counts I and II of the Amended Complaint as "Healthcare Officials."  (*Id.* at PageID.251, 253.) Count I involves Plaintiff's allegations that the Corizon Defendants and MDOC Defendant nurses were deliberately indifferent to treating Plaintiff's hernias.  (*Id.* at ¶154, PageID.251.)  Count II involves Plaintiff's allegations that the Corizon Defendants and MDOC

4

Defendant nurses were deliberately indifferent to treating Plaintiff's streptococcal infections.  (*Id*. at ¶164, PageID.253.)

This Court addressed both of these claims extensively in the context of the Corizon Defendants' motion to dismiss in an order issued on January 26, 2021.  (ECF No. 29, Order.)  Plaintiff alleges that he "sought care from MRF Healthcare Officials and was explicitly told that they do not treat hernias." (ECF No. 12, Amended Cplt., ¶53, PageID.27.)  This Court addressed this allegation and stated, "[w]hile this allegation may give rise to the possibility that someone acted improperly in connection with Plaintiff's medical treatment, it does not support a plausible claim that Defendants Farris, Martino or Papendick were involved."  (ECF No. 29, Order, PageID.465.)

In fact, the only deliberate indifference claims that this Court permitted to proceed against Corizon Defendant Martino was Plaintiff's Count I claim of deliberate indifference regarding the treatment for his hernia condition only.  *See id*., PageID.468.

### Count III First Amendment Free Exercise of Religion

Plaintiff alleges that Macomb Warden Warren, Warden Horton, and Macomb Defendants Leduc, Tolley, and Weston violated his First

Amendment right to free exercise of religion by transferring him out of Macomb Correctional Facility, thereby removing him from a preferable facility for practicing his Jewish faith.  (ECF No. 12, Amended Compl., ¶¶174-187, PageID.255-57.)  Plaintiff alleges that Warren and Horton "failed to intervene and acquiesced as supervisors when Defendants Leduc and Tolley sought to have Plaintiff transferred to URF."  (*Id*. at ¶184, PageID.256-57.)

### Count IV First Amendment retaliation and Count V Conspiracy

Counts IV and V list all of the MDOC Defendants except Horton, Warren, Duncan and Adray.  Plaintiff alleges that Defendants transferred him in retaliation for engaging in protected conduct.  (*Id*. at ¶192, PageID.258.)  The adverse acts included a retaliatory transfer, denial of access to religious foods, confiscation and damaging personal property, issuing false misconduct charges, and excessive and unreasonable searches.  (*Id*. at ¶193.)

**Allegations against specific Defendants include**:

"Defendant Greason and Defendant Steece stood by as Defendant Leduc harassed Plaintiff without intervening."  (*Id*. at ¶90, PageID.236.)  "Defendant Greason upheld the rejection and prevented

Plaintiff from filing another grievance on the issue." (*Id.* at ¶101, PageID.238.)

"Plaintiff's grievance was again arbitrarily denied by Defendant Taylor." (*Id.* at ¶99, PageID.237.)  "Plaintiff's grievance was denied by Taylor and approved by Defendant Greason.  After appealing to Step III, Defendant Russell upheld the rejection of Plaintiff's grievance regarding the retaliatory transfer to URF." (*Id.* at ¶108, PageID.240.)

"Defendant Warden Warren reviewed the grievances and upheld the wrongful rejection of the grievances.  Defendant Richard Russell, the manager of the grievance section of the office of legal affairs for the MDOC, also upheld the wrongful rejection." (*Id.* at ¶100, PageID.237-38.)

"Before being transferred, Plaintiff spoke to Defendant Evans in attempt to cancel the transfer due to the transfer hold, but Defendant Evans failed to intervene to prevent this transfer." (*Id.* at ¶90, PageID.236.)

Plaintiff complains that Warden Warren never responded to a letter he wrote to the Warden "explaining the difficulties he had faced in filing legitimate grievances." (*Id.* at ¶110, PageID.241.)  "Defendant

Warden Horton then assumed the position of Warden and began denying Plaintiff's grievances without reason. Each step Plaintiff provided the necessary receipts and disbursements regarding his guitar, yet Defendant Warden Horton ignored them and continued to deny Plaintiff's grievances." (*Id*. at ¶111, PageID.241.)

Plaintiff alleges that Balbierz "refused to look at Plaintiff's paperwork demonstrating ownership or to contact Musik Haus, where the guitar was purchased, to verify that Plaintiff owned the guitar." (*Id*. at ¶112, PageID.241.)

Plaintiff alleges he was "frequently denied Kosher meals because he was not on the list to receive them. Plaintiff repeatedly attempted to contact the Chaplain to be added to the list for Kosher meals, but received no response." (*Id*. at ¶114, PageID.241.) Plaintiff does not allege that any of the Defendants were involved with these denials.

"Defendant Desroche knew of Plaintiff's protected conduct and furthered the ongoing retaliation against Plaintiff throughout the facility by failing to properly investigate Plaintiff's claims." (*Id*. at ¶121, PageID.243.)

## ARGUMENT

**I.**   **Plaintiff's wide-ranging lawsuit violates Fed. R. Civ. P. joinder rules.**

The Complaint is in violation of the federal rules governing joinder.  *See* Fed. R. Civ. P. 18, 20.  In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the plaintiff filed a prisoner civil rights complaint asserting 50 claims against 24 defendants.  The Court of Appeals for the Seventh Circuit explained the application of the joinder rules:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

(*Id*. at 607; *see also Prince v. Elum*, No 12-15526, 2013 U.S. Dist. LEXIS 104405 (E.D. Mich. January 14, 2013) (severing claims *sua sponte* in prisoner civil rights case for misjoinder) (J Rosen).)

In this case, Plaintiff has attempted to combine into one lawsuit many unrelated claims against many different defendants.  The majority of Plaintiff's claims relate to alleged constitutional violations concerning his medical care while incarcerated, but he also asserts

claims regarding various forms of retaliation against defendants not involved in the medical claims, and First Amendment free exercise claims at two different facilities.  Clearly, these are "unrelated claims against different defendants [that] belong in different suits."  *George*, 507 F.3d at 607.  In addition, now that this Court has severely curtailed Plaintiff's medical claims against the Corizon Defendants, there is even less reason why this case should proceed with medical treatment claims with completely unrelated retaliation and free exercise claims.  Therefore, this Court should sever the unrelated Eighth Amendment claims and Defendants in this case.

## II.   Plaintiff has failed to state a claim under Fed. R. Civ. P. 12(b)(6) against the MDOC Defendants and those claims should be dismissed.

### A.   Legal Standard under Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted.  To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'"  *Casias v. Wal-Mart*

*Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).).  A Plaintiff must provide more than a "formulaic recitation of the elements of a cause of action" and his "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555-56.  The Sixth Circuit has held that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability.  The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).)  Legal conclusions will not carry a complaint past the motion-to-dismiss stage in the absence of supporting factual allegations, and a plaintiff whose complaint is deficient is not entitled to a fishing expedition for facts to support it.  *See Iqbal*, 556 U.S. at 678-79.  Defendants have the burden of showing "that the plaintiff has failed to state a claim for relief." *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015.)  Here Plaintiff fails to state a claim that the MDOC Defendant were deliberately indifferent or that denying grievances violates Plaintiff's rights and should be dismissed.

**B.   Plaintiff has failed to state a claim of Eighth Amendment deliberate indifference against Defendants Adray and Duncan.**

Plaintiff contends that MDOC nurses Adray and Duncan were deliberately indifferent to his medical needs when he presented with a "fever and swollen red legs." (ECF No. 12, Am. Compl., ¶73.)  Plaintiff alleges that "[Corizon] Defendant Farris merely instructed the nurses to give him an antibiotic and send him back to his cell.  While Farris stated that she would follow up with Plaintiff about the problems he was experiencing, she did not and neither did the nurses Duncan or Adray." (*Id.*)

**1.   Eighth Amendment deliberate indifference standard.**

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crimes.  A plaintiff raising an Eighth Amendment claim regarding medical care or treatment must establish something more than mere negligence or a lack of ordinary due care.  *Whitley v. Albers,* 475 U.S. 312, 319 (1986); *Roland v. Johnson,* 856 F.2d 764, 769 (6th Cir. 1988.)  It is only the "deliberate indifference to serious medical needs of prisoners" which constitutes the "unnecessary and wanton infliction of pain proscribed by

the Eighth Amendment." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976)

(citing *Gregg v. Georgia,* 428 U.S. 153, 173 (1976).)  A difference of

opinion, however, between the plaintiff and his doctor regarding

diagnosis and treatment does not state a claim (*id.* at 107), and

allegations of an inadvertent failure to provide adequate medical care or

of a negligent diagnosis are also insufficient.  (*Id.* at 105-06.)  Medical

malpractice does not become a constitutional violation merely because

the victim is a prisoner.  (*Id.* at 106.)

A claim of deliberate indifference has an objective and subjective

prong.  *Farmer v. Brennen*, 511 U.S. 825, 834 (1994).  The objective

prong requires a showing of a "sufficiently serious" medical need, and

the subjective prong requires a demonstration that the defendants had

a "sufficiently culpable state of mind in denying medical care."

*Blackmore v. Kalamazoo County.*, 390 F.3d 890, 895 (6th Cir. 2004.)

> ## 2. Plaintiff fails to state a claim against Adray and Duncan regarding his claim that they failed to treat his streptococcal infections.

Regarding Plaintiff's Eighth Amendment claim regarding his

medical treatment for his streptococcal infections, this Court has

evaluated this claim as to Corizon Defendant Farris and granted Farris'

13

motion to dismiss.  (ECF No. 29, Order, PageID.464.)  For the same reasons, as to Defendants Adray and Duncan, the complaint fails in the same way.  (*See id.*, PageID.46-63.)  Plaintiff alleges that, "[d]espite knowledge of Plaintiff's repeated problems and history, Defendant Farris merely instructed the nurses to give him an antibiotic and send him back to his cell."  (ECF No. 12, Amended Cplt., ¶73, PageID.231.) "While Farris stated that she would follow up with Plaintiff about the problems he was experiencing, she did not and neither did the nurses Duncan or Adray."  (*Id.*)

The Court found this insufficient to state a claim because Plaintiff pleads that he was "prescribed an antibiotic, and while he complains treatment was not prompt or as timely as he thinks it should have been, he does not plead an absence of medical care or treatment."  (ECF No. 29, Order, PageID.464.)  As the Court did for the Corizon Defendants, here to, a similar dismissal should be granted as Plaintiff likewise fails to state a claim of deliberate indifference to his medical needs by MDOC nurse Defendants Duncan and Adray.

14

### C.  Plaintiff has failed to state a claim against the non-health care MDOC Defendants where he alleges that they failed to process or uphold his grievances.

Plaintiff's claims against many of the MDOC Defendants merely allege that the MDOC Defendants failed to adequately address his grievances, failed to intervene, or were supervisors who did not respond to his letters complaining about his treatment.  These allegations fail to state a claim upon which relief may be granted.  The mere denial of an administrative grievance does not amount to active unconstitutional behavior.  *Shehee v. Lutrell,* 199 F.3d 295, 300 (6th Cir. 1999).  Thus, where Plaintiff's claims are that the only wrongdoing of MDOC Defendant Wardens Horton and Warren, and Grievance Manager Russell are that they failed to act on a complaint, such claims are not sufficient for liability and should be dismissed.

### 1.  42 U.S.C. § 1983 claims must allege the personal involvement of each named defendant in a civil action.

It is well established that a plaintiff in a § 1983 suit must provide more than conclusory statements and must plead enough plausible facts to show that each individual Government-official defendant was personally involved in a constitutional violation.  "[A] plaintiff must

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 556 U.S. at 676.  Legal conclusions disguised as factual allegations are not sufficient to withstand a motion to dismiss.  *Id*. at 678.  In this case, the Plaintiff fails to articulate specificity how the MDOC Defendants were personally involved in the alleged constitutional violations and those claims are insufficient to state a claim for which relief can be granted.

Furthermore, there is no clearly established law that states that prison officials are liable for not responding to Plaintiff's grievances or by denying his grievances.

The only factual allegations against MDOC Defendant Wardens Horton and Warren, and Grievance Manager Russell are that they denied Plaintiff's grievances or failed to supervise their employees. *Infra*.  Merely being aware of a prisoner's complaint and failing to take corrective action is insufficient to impose liability on supervisory personnel under § 1983.  *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988), cert. denied, 488 U.S. 1007 (1989).  Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act."  *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir.

1999) (citing *Salehpour v. University of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998), cert denied, 119 S. Ct. 1763 (1999)).  As Plaintiff has not alleged any unconstitutional behavior against these three defendants, Plaintiff has failed to state an Eight Amendment violation against MDOC Defendants Wardens Horton and Warren, and Grievance Manager Russell.  *See Williams v. McLemore*, 247 F. App'x 1, 11 (6th Cir. 2007) (finding that multiple prison officials did not violate prisoner's clearly established Eighth Amendment rights where their only responsibilities were to respond to the plaintiff's grievances); *Aaron v. Johnson*, 829 F.2d 38 (6th Cir. 1987) ("Plaintiff's allegation that the defendants failed to adequately respond to a grievance in which he alleged that a Housing Unit Officer threatened and harassed him does not meet [the Eighth Amendment deliberate indifference] standard.").  Those claims should be dismissed.

In addition to Russell, Warren, and Horton, and as noted in Defendants' statement of facts, Defendants Greason, Steece, Taylor, Evans, Balbierz, and Desroche all have allegations that they failed to address Plaintiff's grievances or complaints.  *See infra.*  Accordingly, the

claims against these MDOC Defendants must be dismissed because Plaintiff does not have a right to an effective grievance procedure.

Finally, Plaintiff makes general allegations in Count III that he was denied Kosher meals when he transferred to Chippewa because he was not put on the list to receive them but does not allege that any of the named Defendants failed to do this. Plaintiff alleges no specific facts about who allegedly did what to infringe upon his rights. Rather, he frames legal conclusions disguised as factual allegations, which are not sufficient to withstand a motion to dismiss. *Ashcroft* at 678. Therefore, this claim should be dismissed.

### III.   **Plaintiff fails to state a claim of conspiracy.**

Finally, plaintiff asserts a civil conspiracy claim.  After incorporating all preceding paragraphs by reference, the civil conspiracy allegations consist of the following allegations:

> ¶200: At all times relevant herein, Defendants were acting under the color of law and were required to obey the laws of the United States.  Defendants agreed to retaliate against Plaintiff for his engagement in protected conduct.

> ¶201: Defendant Officers' actions demonstrate a broad conspiracy to deprive plaintiff of his constitutional rights.  On multiple occasions, individual defendants carrying out retaliatory actions against Plaintiff made verbal comments that the retaliation was a result of other defendants indicating that Plaintiff had been filing

grievances.  In addition, Plaintiff has repeatedly sought assistance from supervisors, up to and including the Warden's [sic] of MRF and URF and their staff, and no assistance has been granted. Given the wide range of coordinated retaliatory actions taken against Plaintiff, and the many people who have turned a blind eye to Plaintiff's suffering, it is apparent that Defendants conspired to deprive Plaintiff of his rights.

¶202: Defendant Officers' actions and inactions constitute an impermissible conspiracy to deprive an individual of their rights to be free from retaliation for protected conduct in violation of 42 U.S.C. § 1983 and the First Amendment to the United States Constitution.

[ECF No. 12, Am. Compl., PageID.259-260.]

Although plaintiff alleges that all defendants were engaged in a conspiracy to retaliate against him and deny him appropriate medical care because of his grievance, his factual allegations do not support such a claim.  A civil conspiracy under § 1983 is an agreement between two or more persons to injure another by unlawful action.  *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (citing *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)).  The plaintiff must show the existence of a single plan, that the alleged co-conspirator shared in the general conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff.  *Hensley*, 693 F.3d at 695;

19

*Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).  Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a plausible suggestion of conspiracy, not merely a possible one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008).

Plaintiff's allegations of conspiracy are conclusory and speculative. His allegations, even viewed in the light most favorable to Plaintiff, admit a lack of knowledge as to the nature of the alleged conspiracy. Plaintiff alleges that events occurred over a period of time involving numerous individuals at multiple prisons and administrative offices of the MDOC and Corizon.  Plaintiff has provided no allegations establishing a link between the alleged conspirators or any agreement between them.  He relies entirely on an inference that he has been subjected to treatment with which he disagrees by a variety of prison officials in various circumstances and that these events establish a conspiracy among prison officials.  Plaintiff fails to state a claim of conspiracy.

In addition, plaintiff's conspiracy claim is barred by intra-corporate conspiracy doctrine, which holds that it takes two or more persons to have a conspiracy and that a corporation, acting through one or more agents (i.e. state employees and contractors), cannot conspire with itself.  *See Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 765 n.6 (6th Cir. 2010). Additionally, "employees of a corporation or governmental entity cannot conspire among themselves as they are not two separate 'people' but rather they are treated as one entity." *Easterling v. Crawford*, 2014 U.S. Dist. LEXIS 13743 (S.D. Ohio), supplemented, 2014 U.S. Dist. LEXIS 22181, and report and recommendation adopted, 2015 U.S. Dist. LEXIS 43504; *see also Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507 (6th Cir. 2008) (stating that where all of the defendants are members of the same collective entity, there are not two separate people to form a conspiracy).

The MDOC defendants are members of the same collective entity and cannot conspire together as a matter of law.  Accordingly, the MDOC defendants are entitled to dismissal of the plaintiff's civil conspiracy claim.

## CONCLUSION AND RELIEF REQUESTED

The MDOC Defendants respectfully request that this Honorable

Court grant their motion to dismiss the Amended Complaint.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Michael R. Dean*
Assistant Attorney General
Attorneys for MDOC Defendants
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Deanm2@michigan.gov
(P71333)

Dated:  February 12, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, I electronically filed the

above document(s) with the Clerk of the Court using the ECF System,

which will provide electronic copies to counsel of record.

//s/ *Michael R. Dean*
Assistant Attorney General
Attorneys for MDOC Defendants